UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:   Alan Bergstrom and Mary Bergstrom,

                                              CHAPTER 13 PLAN
                  Debtor(s).
                                              Dated: 8/29/2011

                                              Case No. 11-34752

In a joint case, debtor means debtors in this plan.
_____

**1. DEBTOR'S PAYMENTS TO TRUSTEE—**
a. As of the date of this plan, the debtor has paid the trustee $311.00.
b. After the date of this plan, debtor will pay the trustee $311.00 per month for 59 months beginning September 2011 for a total of $18,349.00.  The minimum plan length is 60 months from the date of the order for relief unless all allowed claims are paid in a shorter time.
c. Debtor will also pay the trustee $478.00 per month for 53 months beginning in February 2012 for a total of $25,334.00, once the Ford Motor Loan secured against the 2004 F-250 Truck and the Harris Bank Loan secured against the 2006 Chrysler Town & Country is paid in full.
d. After confirmation of this plan, debtor shall provide the trustee with copies of the debtor's federal and state income tax returns annually for the duration of the chapter 13 case.  The debtor may keep the entire Earned Income Credit ("EIC"), if any.  The debtor shall subtract the amount of the EIC, if any, from the federal income tax refund.  Thereafter, the debtor may keep the first $2,000.00 of the refund.  Any amount in excess of $2,000.00 shall be paid to the trustee as an additional plan payment.
e. Debtor will pay the trustee a total of $43,994.00, plus a percentage of their tax refunds per 1d [line 1(a) + line 1(b) + line 1(c) + line 1(d)].

**2. PAYMENTS BY TRUSTEE**—Trustee will pay from available funds only to creditors for which proofs of claim have been timely filed.  The trustee may collect a fee of up to 10% of plan payments, or an estimated $4,399.00, plus a percentage of tax refunds per paragraph 1d [line 1(e) .1].

**3. ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)]—** The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| *Creditor* | *Monthly Payment* | *Numbers of Payments* | *Beginning Month #* | *TOTAL PAYMENTS* |
|---|---|---|---|---|
| a. | | | | |
| b. | | | | |

**4. EXECUTORY CONTRACTS AND UNEXPIRED LEASE [§365]—** The debtor assumes the following executory contracts or unexpired leases.  Cure provisions, if any, are set forth in ¶ 7,

a.
b.

**5. CLAIMS NOT IN DEFAULT—** Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors.  The creditors will retain liens, if any.

| *Creditor* | *Description of Property* |
|---|---|
| a. Citimortgage | 18698 Town hall Road, Pine City, MN 55063-5347 |
| b. Green Tree | 18698 Town hall Road, Pine City, MN 55063-5347 |
| c. Ford Motor Credit | 2004 Ford F-250 |
| d. Harris Bank | 2006 Chrysler Town & Country |

**6. HOME MORTGAGES IN DEFAULT [§1322(b) (5) and §1322(e)]—** The trustee will cure defaults on
 the following claims secured only by a security interest in real property that is the debtor's principal residence.  The debtor will pay

the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. **All following entries are estimates**. The trustee will pay the actual amounts of default.

| Creditor | Amount of Default | Monthly Payment | Beginning Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. | | | | | |
| b. | | | | | |
| c. | | | | | |
| d. TOTAL | | | | | |

**7. CLAIMS IN DEFAULT [§1322(b)(3) and (5) and §1322)e)]**—The trustee will cure defaults on the following claims as set forth below. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. All following entries are estimates except for interest rate.

| Creditor | Amount of Default | Interest Rate, if any | Monthly Payment | Beginning Month # | Number of Payments | Total Payments |
|---|---|---|---|---|---|---|
| a. | | | | | | |
| b. | | | | | | |
| c. | | | | | | |
| d. TOTAL | | | | | | |

**8. OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§1325(a)(5)]**—The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column below. The creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. §1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

| Creditor | Claim Amount | Secured Claim | Int. Rate | Beginning Month # | Monthly Payment | No. of Payments | Payments on Claim + | Adeq. Prot Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|---|
| a. | | | | | | | | | |
| b. | | | | | | | | | |
| c. | | | | | | | | | |
| d. TOTAL | | | | | | | | | |

**9. PRIORITY CLAIMS**— The trustee will pay in full all timely filed claims entitled to priority under §507, including the following. The amounts listed are estimates. The trustee will pay the amounts actually allowed.

| Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. Attorney Fees | $1,275.00 | $280.00 | 1 | 5 | $1,275.00 |
| b. Domestic Support | | | | | |
| c. Internal Revenue Service | | | | | |
| d. MN Dept. of Revenue | | | | | |
| e. | | | | | |
| f. | | | | | |
| g. TOTAL | | | | | $1,275.00 |

**10. SEPARATE CLASS OF UNSECURED CREDITORS**— In addition to the class of unsecured creditors specified in ¶11, there shall be a separate class of nonpriority creditors described as follows: The trustee will pay the allowed claims of the following creditors. All entries below are estimates.

| Creditor | Interest Rate (If any) | Claim Amount | Monthly Payment | Beginning in Month # | No. of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. | | | | | | |
| b. | | | | | | |
| c. TOTAL | | | | | | |

**11. TIMELY FILED UNSECURED CREDITORS**—The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and are not paid under ¶2,3,6,7,8,9, and 10 their pro rata share of approximately $38,320.00, plus a percentage of tax refunds per line 1d [line 1(e) minus lines 2, 6(d), 7(d), 8(d), 9(f), and 10(c)].
a. The debtor estimates that the total unsecured claims held by creditors listed in ¶8 are $0.00.
b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶8 and ¶10) are $60,359.00.
c. Total estimated unsecured claims are $60,359.00 [(line 11(a) + line 11(b)].

**12. TARDILY-FILED UNSECURED CREDITORS—** No money paid by the debtor to the trustee under ¶1, but not distributed by the trustee under ¶2,3,6,7,8,9,10, or 11 will be paid to holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

**13. OTHER PROVISIONS—** The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion.
a. Upon confirmation of this plan, the creditors listed in paragraph 5, Citimortgage, Green Tree, Ford Motor Credit and Harris Bank, shall recommence issuing monthly billing statements to the debtors at the debtors' address listed in the bankruptcy petition as to post petition mortgage and car loan obligations that come due after confirmation of the plan. As of the date of filing of the petition, the debtors are current with their mortgage and car loan payments to the above referenced creditors. Any delinquency claimed by the creditors listed in paragraph 5 following the commencement of the debtors' bankruptcy case is hereby disputed by the debtors and will be deemed waived per 11 USC 1322(b)(3).
b. Unless specifically treated as a secured debt in this plan, all claims filed, regardless of the actual proof of claim by the creditor, shall be treated as an unsecured debt in this plan. If the creditor claims a security interest in the debtors' property and it is not specifically acknowledged anywhere in this plan, the creditor is welcome to motion the court for relief from 11 USC 362 and subsequently exercise any state law remedy available to them.
c. The plan filed by the debtors herein hereby specifically rejects, avoids, cancels and otherwise releases the debtors from any and all contractual provisions, with any party or entity, which could or may impose on the debtor any duty, any defenses, affirmative or otherwise, of any nature whatsoever, whether known or unknown, and whether arising pre-petition or post-petition, to any form of binding arbitration or alternative dispute resolution.

**14. SUMMARY OF PAYMENTS—**

| | |
|---|---|
| Trustee's Fee [Line 2]…………………………. | $4,399.00 |
| Home Mortgage Defaults [Line 6(d)]…………... | $0.00 |
| Claims in Default [Line 7(d)]…………………. | $0.00 |
| Other Secured claims [Line 8(d)]……………... | $0.00 |
| Priority Claims [Line 9(f)]…………………….. | $1,275.00 |
| Separate Classes [Line 10(c)]…………………. | $0.00 |
| Unsecured Creditors [Line 11]………………….. | $38,320.00 |
| TOTAL [must equal Line 1(e)]…………………. | $43,994.00, plus a percentage of tax refunds |

Signed: /e/ Alan Bergstrom
Debtor
Signed: /e/ Mary Berstrom
Debtor (if joint case)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re: Alan Bergstrom
and
Mary Bergstrom

**SIGNATURE DECLARATION**

Debtor(s).

Case No. 11-34752

___ PETITION, SCHEDULES & STATEMENTS
___ CHAPTER 13 PLAN
___ SCHEDULES AND STATEMENTS ACCOMPANYING VERIFIED CONVERSION
___ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
_X_ MODIFIED CHAPTER 13 PLAN
___ OTHER (Please describe: _____ )

I [We], the undersigned debtor(s) or authorized representative of the debtor, *make the following declarations under penalty of perjury:*

- The information I have given my attorney and provided in the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;
- The information provided in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case is true and correct;
- **[individual debtors only]** If no Social Security Number is included in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case, it is because I do not have a Social Security Number;
- I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration and the completed "Debtor Information Pages," if applicable; and
- **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: 8-29-11

X _____
Signature of Debtor or Authorized Representative

Alan Bergstrom
Printed Name of Debtor or Authorized Representative

X _____
Signature of Joint Debtor

Mary Bergstrom
Printed Name of Joint Debtor

Form ERS 1 (Rev. 10/03)

| UNITED STATES BANKRUPTCY COURT | DISTRICT OF MINNESOTA |
|---|---|

_____

In re:  Alan Bergstrom and Mary Bergstrom

|  | **NOTICE OF CONFIRMATION** |
|---|---|
| Debtor(s). | **OF MODIFIED PLAN** |

_____

**NOTICE OF CONFIRMATION OF MODIFIED PLAN**

PLEASE TAKE NOTICE that the hearing on the Confirmation of the Modified Chapter 13 Plan in the above-entitled matter has been set for September 8, 2011 at 10:00 a.m. in Courtroom 2B, Warren E. Burger Federal Building, United States Courthouse, 316 North Robert Street, St. Paul, MN 55101.

| Executed on: 08/30/2011 | Signed:  /e/ Susan J. Lilyquist |
|---|---|
|  | Susan J. Lilyquist, paralegal |
|  | Jason R. Foster, Esq. #0327670 |
|  | Foster Law Office, P.L.L.C. |
|  | 1053 Grand Ave. Suite 107 |
|  | St. Paul, MN 55105 |
|  | Ph. # 651-379-1411 |
|  | Fx. #651-379-1412 |
|  | jasonfoster@jasonfosterlaw.com |

| UNITED STATES BANKRUPTCY COURT | DISTRICT OF MINNESOTA |
|---|---|

In re: Alan Bergstrom and Mary Bergstrom

Debtor(s).  **UNSWORN CERTIFICATE OF SERVICE**

**UNSWORN CERTIFICATE OF SERVICE**

I, Susan J. Lilyquist, declare under penalty of perjury that on August 30, 2011, I mailed copies of the Modified Chapter 13 Plan w/ signatures, Notice of Confirmation of Modified Plan, and Unsworn Certificate of Service, to the following:

1. Trustee Jasmine Keller (via electronic mail);

2. US Trustee (via electronic mail);

Modified Chapter 13 Plan w/ signatures and Notice of Confirmation of Modified Plan:

3. Attached List of Creditors (via first class mail, postage prepaid).

Executed on: 08/30/2011       Signed: __/e/ Susan J. Lilyquist_____
                              Susan J. Lilyquist, paralegal
                              Jason R. Foster, Esq. #0327670
                              Foster Law Office, P.L.L.C.
                              1053 Grand Ave. Suite 107
                              St. Paul, MN 55105
                              Ph. # 651-379-1411
                              Fx. #651-379-1412
                              jasonfoster@jasonfosterlaw.com

```
AMB SPECIALIZED WALL SYSTEMS
18698 TOWN HALL ROAD
PINE CITY   MN   55063-5347


GREEN TREE
PO BOX 94710
PO BOX 650070
PALATINE   IL   60094-4710


BEST BUY
HSBC RETAIL SERVICES
PO BOX 5238
CAROL STREAM   IL   60197-6103


CAPITAL ONE
PO BOX 60599
CITY OF INDUSTRY   CA   91716-0599


CHASE
PO BOX 94014
PALATINE   IL   60094-4014


CITIMORTGAGE
PO BOX 689196
DES MOINES   IA   50368-9196


DISCOVER
PO BOX 6103
CAROL STREAM   IL   60197-6103


FORD CREDIT
PO BOX 94380
PALATINE   IL   60094-4380
```

```
GAP VISA
PO BOX 960017
ORLANDO   FL   32896


HARRIS BANK BARRINGTON
PO BOX 660310
SACRAMENTO   CA   95866
```